Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Karin Eldred

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Karin Eldred**, an Arizona resident<br><br>Plaintiff,<br><br>v.<br><br>**Wee Blessings Preschool and Academy, LLC**, an Arizona limited liability company, **Deborah Larkin a/k/a Debi Larkin-Chavez**, an Arizona Resident, and **Phil Chavez**, an Arizona Resident,<br><br>Defendants. | **Case No.**<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Karin Eldred ("**Eldred**"), by and through undersigned counsel, for her Complaint against Defendants Wee Blessings Preschool and Academy, LLC, Deborah Larkin and Phil Chavez (collectively referred to as "**Defendants**"), hereby alleges as follows:

## PARTIES

1.  At all times relevant to this Verified Complaint, Plaintiff was a resident of Maricopa County, Arizona.

2.  At all relevant times, Plaintiff was an employee of Defendants as defined in

29 U.S.C. § 203(e)(1), the Arizona Minimum Wage Statute, and the Arizona Wage Statute.

3. Defendant Wee Blessings Preschool and Academy, LLC is an Arizona limited liability company and at all times relevant hereto was doing business in Maricopa County. At all times relevant to this Verified Complaint, Defendant Wee Blessings Preschool and Academy, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute and Arizona Wage Statute.

4. Defendants Deborah Larkin and Phil Chavez, upon information and belief, are husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable.

5. Defendant Deborah Larkin is an Arizona resident. She has directly caused events to take place giving rise to this action. Deborah Larkin is an owner of Defendant Wee Blessings Preschool and Academy, LLC.

6. During the relevant timeframe, Defendants Deborah Larkin and Phil Chavez were Plaintiff's employers. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Deborah Larkin and Phil Chavez were responsible for determining the method and rate of Plaintiff's payment of wages. Both had authority to materially alter the terms and conditions of Plaintiff's employment, and both were instrumental in her unlawful termination. As such, Deborah Larkin and Phil Chavez are both subject to individual liability under the FLSA, the Arizona Minimum Wage Statute and Arizona Wage Statute.

7. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

8. Defendants, and each of them, are sued in both their individual and corporate capacities.

9. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

10. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 1331.

12. Plaintiff's state law claims are sufficiently related to her federal claims that they form the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona within this District.

## FACTUAL ALLEGATIONS

14. Eldred commenced employment with Wee Blessings approximately six years ago as a pre-school instructor. Eldred is a highly-respected pre-school teacher and is adored by peers, parents and students alike.

15. Eldred was paid an hourly wage for work performed.

16. Throughout her tenure of employment, Eldred routinely attended after-school events and performed services for Wee Blessings while in attendance. Staff

attendance at these events was mandatory.

17. Eldred and her similarly-situated counterparts were never paid hourly wages for attending these events.

18. Eldred likewise attended training and certification classes at the direction of Wee Blessings and was not paid for them.

19. On or about November 6, 2015, Eldred informed Larkin that she was unable to attend an after-school function—one that Wee Blessings had not paid her for in the past.

20. This event is one of several held outside of normal business hours that the teachers are expected to attend without payment.

21. Larkin granted Eldred permission to miss the event, but communicated her intent to deduct the hours from Eldred's pay.

22. Eldred complained that Larkin's conduct, claiming:

In actuality, what is fair is everyone should be paid to attend any outside activity that is required by our job. When we do the Christmas parade, the Christmas program, the art fair, and the Father's Day event, we should be paid. We are taking our own personal time to attend these events. I just don't get how that is fair or legal. I understand that we are able to go home early from certain field trips. I personally would rather go back to school complete my hours and call it square. I think everyone would agree. I also believe if people were paid to be at the Christmas parade it wouldn't be an issue, none of it would be an issue. I urge you to reconsider.

23. Approximately 46 minutes after Eldred made the complaint that Defendants' conduct was illegal, Larkin terminated Eldred's six-year term of employment in a voicemail.

24. Larkin claimed that Eldred and other employees must attend work-related events without pay.

25. In the voicemail, Larkin stated that Eldred's intent to take legal action was

disrespectful—and fired her for it.

26. Upon information and belief, Larkin claimed to employees and clients of Wee Blessings that Eldred was fired for reporting to work drunk.

27. Larkin knew that this statement was false because Larkin personally fired Eldred for complaining about unpaid wages.

28. Eldred has learned through multiple sources that Larkin, by and through Wee Blessings, is making false and derogatory statements regarding her character.

29. These comments directly relate to her profession.

30. Since her unlawful termination, Eldred has been unable to procure comparable employment.

## COUNT I
## RETALIATORY DISCHARGE – FLSA – 29 U.S.C. § 215(a)(3)

31. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

32. At all relevant times, Plaintiff was employed by Defendants within the meaning of FLSA.

33. Plaintiff engaged in protected activity by claiming that the Company's failure to pay for work performed was unlawful.

34. Failure to pay wages for work performed is a violation of FLSA.

35. Plaintiff was terminated for engaging in protected activity.

36. As such, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

39. Plaintiff was an employee entitled to the statutorily mandated minimum wage.  Plaintiff was not exempt and was paid an hourly wage.

40. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

41. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation for some hours worked in accordance with 29 U.S.C.§ 206.

42. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

43. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

44. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

47. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

48. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

49. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

50. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

52. Defendant's failure to pay Plaintiff wages for the work she performed is a violation of the Arizona Wage Statute.

53. Defendants are therefore liable to her for up to three times the amount of wages owed under the Arizona Wage Statute.

54. As a result of Defendants' failure to pay Plaintiff the wages in which she

reasonably expected, Plaintiff has suffered principal damages in an amount to be proven at trial.

## COUNT V
## (DEFAMATION)
Defendants Deborah Larkin and Phil Chavez

55. Plaintiff hereby incorporates by reference all of the allegations above as if fully set forth herein.

56. Defendant Deborah Larkin made defamatory statements of fact regarding Plaintiff.

57. The statements were false.

58. Defendant made, said, or wrote the statements to a third person.

59. Defendant was negligent in failing to determine the truth of the statement.

60. Defendant made the statements with actual knowledge of their falsity.

61. The statement alleged a crime of moral turpitude.

62. The statement alleged conduct which is incongruous with the exercise of a lawful business, trade, profession or office.

63. The statements were made with actual malice.

64. Plaintiff need not prove special damages, as the defamatory statements constitute defamation *per se*.

65. Plaintiff was harmed in an amount to be proven at trial.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

      i. terminated Plaintiff in retaliation for engaging in protected activity under 29 U.S.C. § 215(a)(3);

      ii. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

      iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

      iv. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Minimum Wage Statute and Arizona Wage Statute, in an amount to be determined at trial;

C. For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D. For the Court to award all legal, equitable damages, and punitive damages available to Plaintiff due to damage caused to her reputation;

E. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01

and all other causes of action set forth herein;

H. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 8, 2016.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jessica Miller
14500 N. Northsight Blvd.
Suite 213
Scottsdale, Arizona 85260
Attorneys for Plaintiff Karin Eldred

## VERIFICATION

Plaintiff Karin Eldred declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Karin Eldred* (signature)

Karin Eldred